LUCIUS L. SLATER

v.

SLATER PRESS, INC.

[Decided June 2d, 1919.]

Where a chattel mortgage is void as to creditors of an insolvent concern whose claims accrued prior to its record, and is valid as to creditors whose claims accrued after its record, in distributing the assets and arriving at the amounts to be paid the respective classes, the following procedure should be adopted : the net assets of the insolvent concern should be taken ; from the sum of the assets should be deducted the amount of the chattel mortgage ; the amount of all of the other claims should be taken and a dividend rate struck ; this is the dividend rate that the creditors whose claims accrued after the recording of the chattel mortgage are entitled to have used ; the net assets should be taken ; the amount of all of the claims, in which should be included the claim of the chattel mortgagee as a general creditor, and a dividend rate struck ; this is the dividend rate that the creditors whose. claims accrued prior to the recording of the chattel mortgage are entitled to have used ; the amount represented by the difference between these two dividend rates must be made good by the chattel mortgagee to the creditors whose claims accrued prior to the recording of the chattel mortgage pro rata.

On bill, &c. On claim of the American Type Founders Company, based on a chattel mortgage.

*Messrs. Burnett, Sorg, Murray & Duncan,* for the receiver.

*Mr. Robert Carey,* for the American Type Founders Company.

LANE, V. C.

The matter vigorously debated has been the procedure in arriving at the determination of the rights of the parties in whatever fund there may be for distribution in case this chattel mortgage is held to be invalid as to creditors whose claims accrued prior to its recording and valid as to creditors whose claims accrued after its recording. I am inclined to think that the way to work it out is this: All of the net assets of the company should be taken; there should be deducted from that sum the amount of the chattel mortgage; a dividend rate should be struck; that dividend rate the creditors whose claims have accrued after the recording of the chattel mortgage are entitled to. The chattel mortgage being invalid as against the creditors whose claims accrued prior to its record, their claims are to be treated as if the chattel mortgage was not in existence; the claim, however, of the chattel mortgagee must be considered as a general claim. In order to strike a theoretical rate that should be used in arriving at their dividend, the net assets of the company should be taken and the amount of the claims, in which should be included the claim of the chattel mortgagee as a general claim, and a dividend rate struck. This is the dividend rate that the creditors whose claims accrued prior to the record of the chattel mortgage would be entitled to, if the chattel mortgage was not in existence. For the difference between the two rates, the chattel mortgagee is responsible and must make up out of the amount that he receives out of the net assets. There is no other way I can think of, at the present time, in which all of the rights of the parties can be subserved. My first impression that the creditors whose claims accrued prior to the recording of the chattel mortgage were entitled to be made whole to the extent of the amount received by the chattel mortgagee was sufficient to make them whole, I think is erroneous, for that would be giving to these creditors the right of subrogation, whereas their right is to be treated as if the chattel mortgage was not in existence.